# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1493
Lower Tribunal No. 11-279-K
_____


**Kimberly A. Fosshage**
**(n/k/a Kimberly A. Burt),**
Appellant,

vs.

**Nathan S. Fosshage,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Tegan Slaton, Judge.

Samuel J. Kaufman and Lawrence E. Harkenrider (Key West), for appellant.

Jiulio Margalli (Key West), for appellee.


Before SUAREZ, C.J., and SHEPHERD and SCALES, JJ.

SHEPHERD, J.

Kimberly A. Fosshage (now Kimberly A. Burt) appeals from an order, entered at the request of her former husband, Nathan J. Fosshage, which changed the primary residence of the parties' child from the Florida Keys to Wisconsin where Mr. Fosshage lives. For the following reason, we reverse.

The parties lived in Big Pine Key when their son was born on April 15, 2008. In March of 2011, the parents separated but both still lived on Big Pine Key. Dissolution of marriage proceedings resulted in a mediated agreement which was incorporated into a final judgment. The agreement provided equal time-sharing, with the child spending one-week intervals with each parent. Sometime in July of 2012, Mr. Fosshage relocated to Wisconsin and the child remained with his mother in Big Pine Key.

On November 11, 2012, Mr. Fosshage petitioned for modification of the parental plan on the ground of changed circumstances. While the primary obstacle to the existing parenting plan was occasioned by his move, Mr. Fosshage claimed a change in circumstances premised on a pending child abuse investigation involving Ms. Burt's then paramour, now husband, and Ms. Burt's alleged interference with Mr. Fosshage's attempts to spend time with his son in the Keys. The matter was referred to a Special Magistrate, who tried the case over three days between October 2013 and February 2014. In his report and recommendation, the Special Magistrate found the evidence did not support the child abuse allegations but

2

determined that Ms. Burt was interfering with Mr. Fosshage's time sharing with the child. Based solely on the factors of section 61.13 of the Florida Statutes, the Special Magistrate recommended changing the child's residence to Wisconsin. The trial court approved the report and recommendation, and Ms. Burt appealed.

There is a clear distinction between modification based on changed circumstances under section 61.13(3) and relocation under section 61.13001 of the Florida Statutes. See Miller v. Miller, 992 So. 2d 346 (Fla. 3d DCA 2008). Section 61.13(3), Florida Statutes (2013) provides, "A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child." This section also includes a list of factors to be considered in determining whether such a change in circumstances has occurred. A petition for relocation under section 61.13001, Florida Statutes (2013), on the other hand, requires a completely different procedure with specific statutory requirements governing the content of the petition, service on the other parent, burdens of proof, and factors to be considered by the court. In the instant case, Mr. Fosshage's petition, although couched in the language of section 61.13(3), was in essence a petition for relocation under section 61.13001. Thus, the trial court erred in not following the dictates of that statute.

Accordingly, we reverse the order entered below and remand for proceedings under section 61.13001.