DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SARAH LYNDEN SAPONARA,**
Appellant,

v.

**ERNEST ADRIAN CALEB SAPONARA,**
Appellee.

No. 4D18-44

[November 21, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. FMCE 15-006248 (36).

Susan R. Brown of Susan R. Brown, P.A., Plantation, for appellant.

Anna-Maria Capizzi and Mark A. Seff of Seff & Capizzi Law Group, LLC, Hollywood, for appellee.

GROSS, J.

Since at least the time of King Solomon, judges have sought to apply a "wise and an understanding heart"[1] to the problem of adults disagreeing over the future of a child. Here, a mother seeking to relocate with her child challenges the order of the circuit court granting relocation but imposing a visitation schedule not to her liking. We affirm, finding no abuse of discretion in the court's effort to balance the interests of the parents and their child.

The father serves in the Coast Guard and is stationed in California; the mother and child moved to Maryland while the divorce action was pending. After an 11-day trial, the original trial judge crafted a timesharing schedule that allowed the father to visit the child 12 times per year, with 10 visits in Maryland and two in California. This schedule anticipated that the father could work remotely at a Coast Guard base in Maryland during his timesharing.

---

[1] 1 *Kings* 3:12.

Seven months after the dissolution final judgment, the mother petitioned to relocate to Charlotte, North Carolina.  The mother proposed that the father's timesharing would take place in North Carolina instead of Maryland.  The father objected to relocation, pointing out that the move to Charlotte would decrease his time with the child because the closest Coast Guard base to Charlotte is three hours away.

The circuit court held a two-day evidentiary hearing on the proposed relocation.  After closing arguments, the court asked about a timesharing proposal the father had presented at the dissolution trial, where the bulk of the father's timesharing was to occur in California.  The original trial judge rejected that option in favor of a timesharing arrangement centered in Maryland.

Counsel for the father had not discussed the California timesharing schedule with him in preparation for the relocation hearing.  Counsel for the mother was familiar with that option, and did not think it was viable.  She advised the court that the California timesharing schedule had been rejected by the original trial judge.  She suggested adding some additional timesharing in California.

The judge clarified that he was asking whether the California option was considered.  Counsel for the mother told the court:

> No . . . -- not exactly.  [The prior circuit judge] did a very specific schedule and of course she made some presumptions that are no longer existing.  We're saying the child doesn't need the speech and the other stuff and the other interventions.  Obviously, I have to concede that that's an issue that might allow more time in California.  The problem was, and it's still a concern, this is my client's concern, it's a very, very long trip.  . . . [A]dding one more visit in California is a no brainer.

The judge said:

> You see the thing with what [the prior circuit judge] found is that it was based on dad traveling to Maryland because that's where the mother was living.  Now, what she found doesn't apply because the mother will not be living in Maryland.

After consulting with his client, counsel for the father told the court that the father could do the California timesharing schedule.  He explained

that there is a child development center on the base, and that six trips a year to California is more economical than twelve trips a year.

The court requested that each party submit a proposed order; the father's was to include a California timesharing schedule and the mother's was to clarify the vague Charlotte schedule she had offered.

Nearly six weeks after the hearing, the court entered the order on appeal. The order allowed the mother to relocate to Charlotte with the child "conditioned upon" all of the father's timesharing occurring in California. In the order, the court attempted to balance the mother's desire to further her career in Charlotte, the father's desire to spend significant time with his child, and the best interest of the child.

Although the mother is happy with the portion of the order allowing her to relocate, she is unhappy with the provisions dealing with the father's timesharing.

There is no due process violation. A relocation of a significant distance, such as this one, necessarily involves revisiting timesharing issues for the parent not seeking the move. Under section 61.13001(9), Florida Statutes (2017), if a trial court approves a parent's petition for relocation, the court has the discretion to adjust timesharing to ensure the child has "frequent, continuing, and meaningful contact with the nonrelocating parent . . . ." The trial judge broached the California option in open court and asked for input. Each party had adequate time to respond. Neither party asked to reopen the evidence or for a continuance of the trial to offer testimony addressed to the California option.

Contrary to the mother's argument, the focus in a relocation case is not on whether there is a substantial and material change in circumstances. "There is a clear distinction between modification based on changed circumstances under section 61.13(3) and relocation under section 61.13001 of the Florida Statutes." *Fosshage v. Fosshage*, 167 So. 3d 525, 526 (Fla. 3d DCA 2015). The policies behind the modification based on changed circumstances test "are to honor the *res judicata* effect of the original final judgment . . . and to preclude parties to a dissolution from continually disrupting the lives of children by initiating repeated custody disputes." *Knipe v. Knipe*, 840 So. 2d 335, 340 (Fla. 4th DCA 2003) (internal quotation marks and citations omitted). Those policies do not apply to a relocation proceeding instituted in good faith. If one parent is relocating, the child's life will be disrupted and the goal in crafting the modified timesharing schedule is to ensure frequent, continuing, and meaningful contact between the nonrelocating parent and the child. The

relocation statute anticipates that the court will modify the parties' timesharing schedule.  *See* § 61.13001(3)(a)6., (7)(c), Fla. Stat. (2017).

We have considered the other arguments raised and find them to be unpreserved or without legal merit.

*Affirmed.*

DAMOORGIAN and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***